Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1761 | **DATE** | 3/19/2001 |
| **CASE TITLE** | In Re: IN RE:KECK, MAHIN & CATE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants defendant's motion to withdraw the reference of the adversary proceeding to the bankruptcy court. Status hearing set for 3/28/01 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 2 0 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | '01 MAR 19 PM 4:03 | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>KECK, MAHIN & CATE,<br><br>Debtor.<br><br>———————————————<br><br>KECK, MAHIN & CATE and JACOB BRANDZEL, PLAN ADMINISTRATOR FOR KECK, MAHIN & CATE,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT B. BOWYTZ,<br><br>Defendant. | 00 C 1761<br><br>Bankruptcy Case No. 97 B 38580<br><br>Judge Ronald A. Guzman |

DOCKETED MAR 20 2001

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Robert B. Bowytz's motion for withdrawal of the reference of an adversary proceeding to the bankruptcy court. For the following reasons, defendant's motion is granted.

## FACTS

This case arises out of a bankruptcy of an Illinois general partnership, Keck, Mahin & Cate, ("debtor") which, prior to the bankruptcy filing was a national law firm. On December 16, 1997, five creditors filed an involuntary bankruptcy petition against debtor. On December 29, 1997, debtor consented to an order for relief and converted the Chapter 7 involuntary case to a case under Chapter 11 of the Bankruptcy Code. On

1

/5

December 16, 1999, the bankruptcy court confirmed a complicated plan among the debtor's former partners to settle the debtor's affairs. Under the plan, defendant was assessed to pay approximately $8,200 as his share of Keck, Mahin & Cate's debts. Defendant has refused to pay his settlement amount.

If any partner refused to pay his or her settlement amount, the plan empowers the Plan Administrator to pursue the refusing partner for their maximum liability under applicable law by initiating an adversary proceeding against that partner.

On December 28, 1999, Keck, Mahin & Cate and Plan Administrator, Jacob Brandzel ("plaintiffs") initiated an adversary proceeding against defendant and other partners who refused to pay their settlement portion in the bankruptcy court. In their action, plaintiffs raise the following claims: (1) breach of contract; (2) malpractice; and (3) negligence.

Pursuant to 28 U.S.C. § 157(d) and Rule 5011(a) of the Rules of Bankruptcy Procedure, defendant has moved to withdraw the reference to the bankruptcy court. Defendant has demanded a jury trial but has not consented to a jury trial before the Bankruptcy Court. See 28 U.S.C. § 157(e) (stating that bankruptcy court may only hear jury trial if both parties consent). Defendant contends that his demand for a jury trial is sufficient "cause" to withdraw the reference. Therefore, the issues in this case are whether defendant has a right to a jury trial and whether defendant's jury demand is sufficient cause for this Court to withdraw the reference.

# DISCUSSION

## I. Defendant's Right to a Jury Trial

To determine whether a particular litigant is entitled to a jury trial we must examine a combination of three factors. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989); In re Marshland Dev., Inc., 129 B.R. 626, 628 (Bankr. N.D. Cal. 1991). "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." Tull v. United States, 481 U.S. 412, 417 (1987) (citations omitted). The inquiry regarding whether the remedy is legal or equitable is more important. Granfinanciera, 492 U.S. at 47-48. Indeed, there are some who advocate abolishing the common law test altogether. See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 574 (1990) (Brennan, J., concurring) ("[O]ur insistence that the jury trial right hinges in part on a comparison of the substantive right at issue to forms of action used in English courts 200 years ago needlessly convolutes our Seventh Amendment jurisprudence."). A third factor suggested in the Granfinanciera case is whether the cause of action involves a matter of a private or public right. 492 U.S. at 42. In Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Commission, the Supreme Court noted that if "Congress creates new statutory 'public rights' it may assign their adjudication to an administrative agency with which a jury trial would be incompatible, without violating" the Seventh Amendment's right to a jury trial. 430 U.S. 442, 443 (1977). If the right at issue is a private right, that is, it involves "the liability of one individual to another under the law as defined," then a jury trial right attaches. See Crowell v. Benson, 285 U.S. 22,

3

51 (1932). If the right at issue is a public right, that is, involves disputes "between the government and persons subject to its authority in connection with the performance of the constitutional functions of the executive or legislative departments," then a jury trial right does not attach. See id. at 50.

Defendant claims that the breach of contract, attorney malpractice, and negligence claims are all claims to which there is a jury trial right. Plaintiffs claim that the suit involves merely the liquidation of a partnership and is therefore an equitable action to which no jury right attaches.

Based on all three factors, this Court agrees with defendant that a right to a jury attaches to plaintiffs' action. First, although it is of comparatively less importance, plaintiffs' causes of action for breach of contract, attorney malpractice, and negligence all existed at common law. See 5 MOORE'S FEDERAL PRACTICE ¶ 38.11[3][5] pp. 38-80-38-83 (2d ed. 1991) (stating causes of action for negligence and breach of contract were traditionally considered legal actions requiring jury trial); see also Dairy Queen, Inc. v. Wood, 369 U.S. 469, 479 (1962) (holding common law right to jury trial attached to breach of contract claim); Arkwright Mut. Ins. Co. v. Philadelphia Elec. Co., 427 F.2d 1273, 1275 (3d Cir. 1970) (holding that common law right to jury trial existed for all tort claims); In re SPI Communications & Mktg., Inc., 112 B.R. 507, 512 (Bankr. N.D.N.Y. 1990) (holding that negligence which gives rise to legal malpractice is tort action).

Second, the remedy sought by plaintiffs is monetary damages in the amount of $8,200. This is clearly a legal remedy in that plaintiffs seek monetary damages of a fixed amount. At issue in this case is more than the mere liquidation of a partnership. Determination of defendant's liability with regard to plaintiffs' allegations of breach of

4

contract, malpractice, and negligence are all legal rights that need to be determined separately from the partnership's liquidation. Despite the fact that the cause of action is in some way tangentially connected to the bankruptcy, the important factor is the nature of the issue to be tried and not the character of the overall action. See Ross v. Barnhard, 396 U.S. 531, 538 (1970) (holding there was right to jury trial in shareholder derivative suit, despite fact that such suit was traditionally equitable because plaintiffs' case presented legal issues of breach of contract and negligence.). In the current case, the issues to be tried will involve the plaintiffs' claims and not the liquidation of the partnership.

Finally, for many of the same reasons, plaintiffs' complaint involves private rights to which there exists a jury trial right. Because this case involves breach of contract, malpractice, and negligence claims by one private party against another private party, it is removed from the public rights definition as set out in Crowell v. Benson. 285 U.S. at 50. The government is not a party to this action, and the suit involves the liability of a former partner to the administrator of a bankrupt partnership. Therefore, this case falls under the private rights definition as set out in Crowell. 285 U.S. at 51; see Granfinanciera, 492 U.S. at 55 (stating right of trustee of debtor's estate to reclaim fraudulent conveyance made in anticipation of bankruptcy involves private right); Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 71-72 (1982) (stating that although restructuring of debtor–creditor relation in bankruptcy is public right, debtor's right to recover contract damages to augment estate is private). For the foregoing reasons, defendant has a right to a jury trial.

5

## II. Sufficient Cause To Withdraw the Reference

Withdrawal of a reference to a bankruptcy court is appropriate if cause exists. 28 U.S.C. § 157(d). Cause exists if "a party to a non-core proceeding stands on its right to trial by jury and the parties do not consent to adjudication by the bankruptcy court." See In re Novak, 116 B.R. 626, 627 (N.D. Ill. 1990) (citations omitted); In re Reda, Inc., 60 B.R. 178, 182 (Bankr. N.D. Ill. 1986). At least one court has held that cause to withdraw the reference automatically exists when the party seeking withdrawal is entitled to a jury trial under the Seventh Amendment regardless of whether the proceeding is non-core. Peachtree Lane Assocs. Ltd. v. Granader, 175 B.R. 232, 235 (N.D. Ill. 1994); see also In re Grabill Corp., 967 F.2d 1152, 1158 (7th Cir. 1992) (stating that bankruptcy judges are not allowed to oversee jury trials and that where jury trial is required, it must be held in district court).

Other courts have undertaken the core/non-core distinction to determine if cause exists. "[A] proceeding is core . . . if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." Diamond Mortgage Corp. v. Sugar, 913 F.2d 1233, 1239 (7th Cir. 1990). This District has consistently found state law claims that are connected to a bankruptcy case are non-core. See Steege v. Northern Trust Bank/O'Hare, N.A., No. 96 C 742, 1996 WL 332428, at *1 (N.D. Ill. June 13, 1996) (holding that breach of contract, banking malpractice, and negligent misrepresentation claims were non-core because they arose from pre-petition conduct); In re Novak, 116 B.R. 626, 627 (Bankr. N.D. Ill. 1990) (holding debtor's breach of contract and tortious interference claims were non-core and if such claims were considered core under catchall provision of 28 U.S.C. § 157(b)(2)(O),

6

then there would be no such thing as non-core proceeding); In re Sokol, 60 B.R. 294, 296 (Bankr. N.D. Ill. 1986) (holding debtor's tort and contract claims were non-core).

In the current case, plaintiffs' claims of breach of contract, malpractice, and negligence do not satisfy the test. Although it is true that plaintiffs' legal claims are related to a partnership's bankruptcy, that does not automatically make this case a core proceeding. Because plaintiffs' claims clearly could arise outside the context of a bankruptcy case they are non-core. Furthermore, the causes of action against defendant are even less connected to the bankruptcy action because they involve allegations of conduct that occurred prior to the filing of the bankruptcy petition. Therefore, for the foregoing reasons, the Court grants defendant's motion to withdraw the reference of the adversary proceeding to the bankruptcy court.

## CONCLUSION

For the reasons provided in this Memorandum Opinion and Order, the Court grants defendant's motion to withdraw the reference of the adversary proceeding to the bankruptcy court [docket no. 1-1].

**SO ORDERED.**

ENTER: 3/19/07

HON. RONALD A. GUZMAN
**United States Judge**

7